# STATE OF VERMONT

SUPERIOR COURT
Lamoille Unit

CIVIL DIVISION
Docket No. 77-6-18 Lecv

| Patterson & Smith Construction vs. Fr.Emmanuel (Gr |

## ENTRY REGARDING MOTION

Count 1, Collection (77-6-18 Lecv)
Count 2, Breach of Contract (77-6-18 Lecv)
Count 3, Collection (77-6-18 Lecv)

FILED

NOV 3 0 2020

VERMONT SUPERIOR COURT
LAMOILLE UNIT

Title:         Motion for Summary Judgment (Motion 9)
Filer:         Anjeza Lemelson
Attorney:      Pietro J. Lynn
Filed Date:    October 12, 2020

Response filed on 10/27/2020 by Attorney Justin B. Barnard for Plaintiff Patterson & Smith
Response filed on 11/09/2020 by Attorney Pietro J. Lynn for Defendant Anjeza Lemelson

**The motion is DENIED.**

Count I:  Prompt Pay Act. It is undisputed that Anjeza Lemelson is an owner of the property and that liability under the Act attaches to owners of property on which work is performed if the person "has agreed to. . .such work." 9 V.S.A. §4001(3). It is undisputed that she knew that the work was being performed on the property of which she was a co-owner and she raised no objection. That is tantamount to agreeing to the work. In light of this definition, the references in §4002 to "the construction contract" are not sufficient to support an interpretation that every owner is required to have been a direct party to a contract in order for liability to attach.

Count III: Unjust Enrichment
In *DJ Painting, Inc. v. Baraw Enterprises, Inc.,* 172 VT 239, the Vermont Supreme Court set forth the standards for unjust enrichment:

> Claims for quasi-contract are based on an implied promise to pay when a party receives a benefit and the retention of the benefit would be inequitable. *In re Estate of Elliott,* 149 Vt. 248, 252, 542 A.2d 282, 285 (1988). The questions before the Court are whether plaintiff has alleged sufficient facts to prove that a benefit was conferred upon defendant Baraw, whether Baraw accepted the benefit, and whether it would be inequitable for Baraw not to compensate plaintiff for its value. *Center v. Mad River Corp.,* 151 Vt. 408, 412, 561 A.2d 90, 93 (1989). , . .
> In analogous cases, we have established that "[t]he most significant requirement for a recovery on quasi contract is that the enrichment to the defendant be unjust."

*Id.* at 417.

There are sufficient facts alleged that Plaintiff did work on the property co-owned by Anjeza Lemelson, that the work enhanced the utility and value of the property, and that she would be unjustly enriched if she were allowed to retain the benefits of increased use and value without any obligation to compensate the contractor who performed the work.

For the above reasons, the motion is denied.


Electronically signed on November 25, 2020 at 11:57 AM pursuant to V.R.E.F. 9(d).

*Mary Miles Teachout*
_____
Mary Miles Teachout
Superior Court Judge


Notifications:
Pietro J. Lynn (ERN 3695), Attorney for Defendant Fr. Emmanuel (Gregory) Lemelson
Susan J. Flynn (ERN 3111), Attorney for party 1 Co-counsel
Justin B. Barnard (ERN 7036), Attorney for Plaintiff Patterson & Smith Construction
Carol Pfeiffer (ERN 10817), Attorney for party 1 Co-counsel
Pietro J. Lynn (ERN 3695), Attorney for Defendant Anjeza Lemelson